**Gonzalo RODRIGUEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 13–83–459–CR, 13–83–460–CR.**

Court of Appeals of Texas, Corpus Christi.

March 29, 1984.

Albert Pena, III, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant entered a plea of guilty to the offense of possession of heroin pursuant to a plea bargain in which the State recommended punishment at eight years in the Texas Department of Corrections. The tri-

al court accepted the appellant's plea and assessed punishment in accordance with the plea agreement.

The record shows that the trial court admonished the defendant in accordance with art. 26.13 of the Code of Criminal Procedure. Following the plea, a disagreement arose over whether the appellant had agreed to waive his right to appeal matters raised by pretrial motion.[1] While the record is not totally clear in this regard,[2] the issue is not determinative of this appeal because the appellate record fails to show that appellant received adverse rulings on any of the pretrial motions that might support an appeal.

Following the confusion over whether appellant had agreed to waive and withdraw all pretrial motions, the appellant gave notice of appeal. Disputes then arose as to whether appellant could appeal and whether, given the confusion, he was entitled to bail pending appeal. The trial court refused to rule on the appellant's "Motion to Release Defendant" pending appeal, and the trial court refused to give the appellant permission to appeal his case. Bail pending appeal was not set.

Appellant then gave notice of appeal from the trial court's refusal to set an appeal bond. The appellate record was prepared, and the appeal from the guilty plea was docketed in this court as 13–83–459–CR, and the appeal from the trial court's refusal to set an appeal bond was docketed as 13–83–460–CR.

Appellant raises one ground of error in each appeal. In 13–83–460–CR appellant contends that the appellant did not agree to accept the punishment recommendation of the State and that therefore, he has the right to appeal under art. 44.02, TEX.

---

1. Art. 44.02 TEX.CODE CRIM.PROC.ANN. (Vernon 1984) prevents a defendant who has pled guilty from appealing his conviction if the punishment assessed by the trial court did not exceed that recommended by the State and agreed to by the defendant personally, except that that defendant may appeal rulings on pretrial motions or may appeal with the trial court's permission.

2. The written plea bargain agreement signed by appellant, appellant's counsel, and counsel for

the State shows that appellant "agreed to waive and withdraw all pretrial motions in the cases." The record reflecting the proceedings in open court shows that in return for the plea of guilty, the State agreed to recommend a punishment of eight years, and the State agreed to dismiss a pending indictment against appellant's wife and a pending "receiving stolen property" indictment against the appellant. According to the record in open court, this was "the full extent of the agreement."

CODE CRIM.PROC.ANN. (Vernon Supp. 1984). *See Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981). The record, on the other hand, reflects the following:

THE COURT: Is there a plea bargain agreement in this case?

MS. GUTIERREZ (the prosecutor): Yes, Your Honor. In return for the Defendant's plea of guilty to the possession of heroin, the State has agreed to recommend that punishment be assessed at eight years in the Texas Department of Corrections. Furthermore the State has also agreed to recommend that the indictment in Cause No. 83–CR–67–E against his wife, Maria Rodriguez, would be dismissed, and also the State has agreed to dismiss the indictment in Cause No. 83–CR–1122–A against the Defendant Gonzalo Rodriguez for receiving stolen property.

MR. PENA (the defense counsel): That is correct, Your Honor, that's the full extent of the agreement.

THE COURT: Mr. Rodriguez, would you please stand, sir.

(Defendant complying.)

THE COURT: Mr. Rodriguez, is this your understanding of the agreement, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand, Mr. Rodriguez, that if I follow the plea bargain agreement that you will go straight to the Nueces County Jail at this time, sir,—

THE DEFENDANT: Yes, sir.

THE COURT: And I've already told you that if I follow the recommendation, I will not allow the right to appeal this case?

THE DEFENDANT: Yes, sir.

■ The above colloquy between the appellant and the trial court is ample to show that appellant agreed to the State's recommendation on punishment and the plea bargain. It is clear that appellant entered his plea pursuant to the plea bargain agreement, that the punishment assessed by the trial court did not exceed that recommended by the State, that appellant personally agreed to the plea bargain, and that therefore, there is no appeal from the guilty plea.

■ Appellant contends in 13–83–459–CR that appellant pleaded guilty to possession of heroin under the provisions which were held unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983). We disagree. Although appellant pled guilty to the offense of possession of heroin nearly a month after *Crisp* was delivered, the indictment in the instant cause alleged the possession of more than 28 grams but less than 200 grams of heroin, which was an offense under the law as it existed before the unconstitutional 1981 amendments became effective.[3] Pursuant to the holding in *Crisp*, the appellant's plea was to the offense as it existed prior to the amendments. *See* art. 4476–15, Tex.Rev. Civ.Stat.Ann. (Vernon 1976). We hold that appellant did not plead guilty to an unconstitutional statute.

Appellant did not have the right to appeal his guilty plea under art. 44.02. Therefore, the appeal in cause 13–83–459–CR is dismissed. The appeal from the trial court's refusal to set bail pending the purported appeal (13–83–460–CR) is also dismissed.

The appeals are DISMISSED.

---

**3.** In admonishing the appellant on the range of punishment, the trial court incorrectly stated the punishment range under the amendments to the Controlled Substances Act and did not instruct under the correct version of the Act. Nonetheless, the trial court did admonish on punishment and even though the range was not correct, the error was not fundamental. *See DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App. 1981); *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr. App.1980). Where an admonishment has been given, (even an erroneous one) substantial compliance with art. 26.13 will be deemed to have occurred. The burden then shifts to the accused to show that he entered his plea without understanding the consequences of such plea. *See Adams v. State*, 630 S.W.2d 806 (Tex.App.— Houston [1st Dist.] 1982, no pet.).