Eddie Samuel TULLOS, Appellant,

v.

STATE of Texas, Appellee.

Nos. 13–85–089–CR, 13–85–090–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 17, 1985.

---

John Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, without a plea agreement, pled guilty to two indictments charging him with two aggravated assaults. The trial court assessed punishment at six years in each case. We affirm the judgment of the trial court in 13–85–089–CR, and reverse the judgment in 13–85–090–CR and remand for the entry of acquittal.

Briefly stated, the evidence shows that appellant stabbed Michael Smith in the

back with a scratchawl, an icepick-like instrument used to mark sheetmetal. When Michael cried out, his father, Horace Smith, came to his aid with a hammer. Appellant shot Horace in the hip with a handgun.

The indictment in cause 13–85–090–CR alleged that appellant used a deadly weapon, "to wit a scratchawl, to *threaten* Michael A. Smith, with imminent bodily injury by use of the said deadly weapon...." Appellant alleges that the evidence is insufficient to show that he threatened Michael Smith and that he is entitled to an acquittal. We agree.

■ Although appellant pled guilty to this offense, the State is still required to introduce sufficient proof to support the guilty plea. TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon 1977). In Texas, if the State fails to introduce sufficient evidence to support the guilty plea in a felony case, the accused is entitled to an acquittal. *Thornton v. State,* 601 S.W.2d 340 (Tex. Crim.App.1980).

■ In the present case, the State introduced ample evidence to show that appellant *stabbed* Michael Smith in the back. It introduced no evidence, however, to show that appellant *threatened* Michael Smith. Evidence of actual bodily injury is insufficient to support the threat allegation. *McGowan v. State,* 664 S.W.2d 355 (Tex.Crim.App.1984). As in *McGowan,* the victim here was stabbed from behind. No threats were made before the stabbing and appellant fled immediately afterward. Michael Smith testified that appellant had worked with him for about six months and had never threatened him before. On the day of the offense, appellant merely came up beside him and stabbed him with the scratchawl. Smith never saw anything, never expected anything, and never looked

for anything. Smith further testified that appellant said nothing. Appellant just stabbed him and walked away. Smith testified that the stabbing was just a spur of the moment thing, and that after the stabbing appellant made no threats. Under *McGowan,* the State's evidence is insufficient to prove the allegations in the indictment.

■ The State argues that appellant waived his challenge to the sufficiency of the evidence because he testified at both the guilt and punishment phases of trial and admitted his guilt. A review of appellant's testimony shows that he admitted *stabbing Michael Smith.* Appellant never admitted to *threatening* Smith. Generally, if an accused testifies at either the guilt or punishment phase of trial and admits that he committed the acts alleged in the indictment, he is foreclosed from challenging the sufficiency of the evidence. *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App.1985). The accused's admission of guilt must, however, conform to the allegations in the indictment.[1] For example, in *Thornton,* the defendant was indicted for *passing* a forged instrument. At trial, the defendant judicially confessed to forgery by *making* a writing. The Court of Criminal Appeals determined that he was entitled to an acquittal. Likewise, in *Reid v. State,* 560 S.W.2d 99 (Tex.Crim.App.1978), the indictment alleged that the defendant committed robbery and *caused serious bodily injury* to the complainant, while the defendant, in his judicial confession, admitted to committing the robbery and *threatening* and placing the complainant in fear of serious bodily injury. The indictment thus alleged an offense under TEX.PENAL CODE ANN. § 29.02(a)(1) (Vernon 1974) and the proof showed an offense under § 29.02(a)(2).

---

1. Generally, where an accused admits his guilt at the punishment phase of trial, he is foreclosed from challenging the sufficiency of the evidence or rulings of the trial court during the guilt phase of trial. *See Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985) (Onion, J., dissenting). Where the accused, however, does not admit to all the elements of the offense, this rule is inapplicable. For example, in *Smyth v. State,*

634 S.W.2d 721 (Tex.Crim.App.1982), the accused admitted that she knew of the marijuana in the car. The Court held that this was not a sufficient admission to invoke the above rule because the accused did not admit to knowing that she possessed a *usable* quantity of marijuana, usable quantity being an essential element of the offense.

The Court found the evidence insufficient to sustain the conviction.

Here, the indictment alleged an assault under TEX.PENAL CODE ANN. § 22.-01(a)(2) (Vernon 1974), aggravated by § 22.02(a)(4). The proof shows an offense under § 22.01(a)(1), aggravated by either 22.02(a)(1) or 22.02(a)(4). Appellant never admitted threatening Michael Smith. The evidence is therefore insufficient to support the State's burden of proof under TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977). Appellant's first ground of error in 13–85–090–CR is sustained.

■ Appellant does not challenge the sufficiency of the evidence to support the conviction in cause no. 13–85–089–CR for the aggravated assault on Horace Smith; rather, the remaining point of error in cause no. 13–85–090–CR and the sole point of error in cause no. 13–85–089–CR alleges that appellant was improperly admonished regarding the range of punishment that might be assessed.

■ The court instructed appellant that he was subject to confinement for any term of years not more than ten nor less than two, and that, in addition, the court could assess a fine not to exceed $10,000.00.

This was error. Aggravated assault is a felony of the third degree. TEX.PENAL CODE ANN. § 22.02(c) (Vernon 1974). Thus, the maximum fine would be $5,000.00, not $10,000.00. TEX.PENAL CODE ANN. § 12.34(b) (Vernon 1974). Nevertheless, we overrule appellant's grounds of error complaining of the admonishment he received. No fine was imposed and there is no showing that appellant was harmed by the trial court's admonishment. *Fuentes v. State,* 688 S.W.2d 542 (Tex. Crim.App.1985); *Rodriguez v. State,* 669 S.W.2d 174 (Tex.App.—Corpus Christi 1984, pet. ref'd).

The judgment of the trial court in cause no. 13–85–090–Cr is REVERSED and RE-MANDED to the trial court for an entry of acquittal. The judgment of the trial court in cause no. 13–85–089–CR is AFFIRMED.