**O'Neil DOUGLAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–94–178–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 18, 1996.

Michael Sheppard, Cuero, for appellant.

Wiley L. Cheatham, Cuero, Robert C. Lassmann, Cuero, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellant O'Neil Douglas appeals his conviction for aggravated assault on a peace officer by threat. The appellant was indicted and tried for attempted capital murder. By a single point of error, the appellant argues that aggravated assault by threat was improperly included in the jury charge as a lesser included offense of attempted capital murder. We agree, reversing the judgment of the trial court and remanding for entry of an order of acquittal.

### Background

On February 19, 1992, the appellant suffered an apparent psychotic episode in Yoakum, Texas. He ran through the streets of Yoakum carrying an ice pick, but was eventually subdued and arrested. While the police were attempting to subdue the appellant, he tried to stab one of the officers with the ice

pick. The officer was forced to shoot the appellant in the leg in order to protect himself and to subdue the appellant. Once in custody, the appellant was given psychiatric care.

The Grand Jury in DeWitt County returned an indictment charging the appellant with attempted capital murder of a peace officer. *See* TEX.PENAL CODE ANN. §§ 15.01, 19.02, 19.03 (Vernon 1989 & Supp.1992)[1]. The indictment specifically alleged that

> O'NEIL DOUGLAS ... did ... unlawfully, intentionally and knowingly, with the specific intent to commit the offense of capital murder, attempt to cause the death of an individual, to-wit: Charles Ferrell, by attempting to stab the said Charles Ferrell with an ice pick, and the said Charles Ferrell was then and there a peace officer who was acting in the lawful discharge of an official duty; and the said O'NEIL DOUGLAS then and there knew the said Charles Ferrell to be peace officer; said attempt and act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended; against the peace and dignity of the State.

Over the appellant's objection, the trial court included in the jury charge an instruction on the lesser included offense of aggravated assault. The instruction stated that "a person commits an assault if he intentionally or knowingly threatens another with imminent bodily injury," and that such an assault is aggravated if it is on a peace officer. The instruction further stated that

> if you find from the evidence beyond a reasonable doubt that ... the Defendant, O'Neil Douglas, did intentionally or knowingly commit an assault on Charles Ferrell by threatening [him] with imminent bodily injury and did threaten [him] with a deadly weapon or did threaten to cause [him] bodily injury ... you will find the Defendant guilty of the included offense of Aggravated Assault.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised Penal Code. *See* Acts 1993, 73rd Leg., Ch. 900, Sec. 1.18(b). There- fore, all references to the Penal Code are to the Code in effect at the time the crime was committed.

The instruction went on to state that if the jury found that Douglas was guilty of aggravated assault, they should then determine whether he was guilty of aggravated assault by threat with a deadly weapon or aggravated assault by threat to cause bodily injury.

The jury returned a verdict acquitting the appellant of attempted capital murder, but finding him guilty of "Aggravated Assault By Threatening With A Deadly Weapon, an included offense of that alleged in the indictment."

## Argument on Appeal

In appellant's sole point of error, he argues that the trial court erred in including instructions in the jury charge regarding aggravated assault by threat, in that aggravated assault by threat is not properly a lesser included offense of attempted capital murder. Appellant argues specifically that aggravated assault by threat requires proof of an element, threatening the victim, that is not required in proving attempted capital murder. The State argues in response that "any attempt to commit murder with a weapon that is capable of causing death or serious bodily injury automatically contains the threat with a deadly weapon," and that "[y]ou cannot have an attempt to cause the death of an individual with a deadly weapon without a threat."

The State cites no authority that directly supports its argument that attempted murder with a deadly weapon automatically includes the element of threat. We agree with the appellant that the Texas Court of Criminal Appeals has repeatedly held that bodily injury crimes and crimes involving threats are two different categories of crimes, requiring different proof.

In *Tullos v. State,* 698 S.W.2d 488 (Tex. App.—Corpus Christi 1985, pet. ref'd), the defendant was indicted for aggravated assault as a result of an incident in which he approached a man from behind and, without warning, stabbed him in the back with a scratchawl. The indictment charged the defendant with aggravated assault by using a deadly weapon to threaten the victim with imminent bodily injury. *Id.* at 490. The evidence, however, did not show that the

defendant threatened the victim at all, although there was ample evidence that the defendant had stabbed the victim. *Id.* This court noted that evidence of actual bodily injury is insufficient to support the threat allegation in the indictment, citing *McGowan v. State,* 664 S.W.2d 355 (Tex.Crim.App. 1984). We further noted in *Tullos* that, although the defendant had pled guilty to the indicted aggravated assault, he had never in fact admitted to threatening the victim, only to stabbing him. Even if a defendant admits his guilt, the admission must conform to the allegations in the indictment. *Thornton v. State,* 601 S.W.2d 340 (Tex.Crim.App.1979).

The Texas Code of Criminal Procedure defines a lesser included offense as follows:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

Only the applicability of subparagraph (1) of art. 37.09 is in question here. The other provisions of that article are clearly inapplicable in that aggravated assault by threats is not different from attempted capital murder only because a less serious injury or risk of injury resulted, or that a less culpable mental state was involved, or it consisted of an attempt to commit the offense of attempted capital murder.

The Court of Criminal Appeals recently discussed the first element of the art. 37.09 test in *Jacob v. State,* 892 S.W.2d 905 (Tex. Crim.App.1995). In *Jacob,* the appellant was indicted for burglary with the intent to com-

mit aggravated assault and burglary with the intent to commit murder. *Id.* at 907. The trial court found the appellant guilty of aggravated assault. *Id.* The court of appeals reversed the conviction on the basis that aggravated assault is not a lesser included offense of burglary of a habitation with intent to commit aggravated assault, and the Court of Criminal Appeals agreed. *Id.* at 909.

The Court of Criminal Appeals in *Jacob* noted that

a lesser included offense is determined by looking at (1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show the elements of the charged offense.

*Id.* at 907–08 (citing *Cunningham v. State,* 726 S.W.2d 151 (Tex.Crim.App.1987); *Bell v. State,* 693 S.W.2d 434 (Tex.Crim.App.1985); *Broussard v. State,* 642 S.W.2d 171 (Tex. Crim.App.1982); *Hazel v. State,* 534 S.W.2d 698 (Tex.Crim.App.1976)). The Court rejected the State's argument in *Jacob* that the evidence it presented in court in the appellant's trial supported the conviction of aggravated assault, holding that the State's argument changed the language of art. 37.09(1) from "the facts *required* to establish the commission of the offense charged" to "the facts *presented.*" *See Jacob,* 892 S.W.2d at 908. The Court held that the "facts required" language of art. 37.09(1) "means the evidence legally required to prove the elements." *Id.* As the Court stated:

The constitutional validity of Article 37.09 rests in part on its reference to the offense charged and to the restricted or reduced culpability of the lesser included offense as compared to the offense charged. [citation omitted]. Otherwise a defendant could be convicted of offenses not subsumed in the charged offense but shown by the evidence presented. That is why a lesser included offense is defined with reference to the facts "required" to establish the charged offense rather than to facts presented at trial.

*Id.*

In the case at bar, looking at the first element of the *Jacob* test (i.e. the elements of

the offense actually charged in the indictment), the "facts required to establish" attempted capital murder, the offense with which appellant was charged, are that appellant, with the specific intent to commit capital murder, attempted to cause the death of a police officer by attempting to stab him with an ice pick. Nowhere is a requirement that a threat be proved. *See Jacob,* 892 S.W.2d at 909. As charged in the indictment, threat was not an element of the attempted capital murder.

Aggravated assault by threat, the asserted lesser included offense, requires proof of a threat, thereby requiring proof of matter not required by the indictment, rather than requiring less proof than the crime charged, as per art. 37.09(1). Said another way, a lesser included offense must be established by less or the same proof; not additional matters not alleged.

The indictment returned against the appellant charged him with attempted capital murder. That is the crime for which he was tried, and the crime for which he defended himself in court. Including aggravated assault by threat in the jury charge allowed the jury to convict appellant of a crime for which he was not charged or tried. We hold that the trial court erred when it included the instruction for aggravated assault by threat in the jury charge. Appellant's point of error is sustained.

Appellant's judgment of conviction is RE-VERSED. Because appellant was acquitted of the crime for which he was tried, and he cannot be tried again for that offense, he is ordered ACQUITTED.