**James Howard JOHNSON, Appellant,**

v.

**The STATE of Texas.**

**Nos. 169–99, 170–99.**

Court of Criminal Appeals of Texas.

May 12, 1999.

Kristine C. Woldy, Houston, for appellant.

William J. Delmore, III, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

The opinion of the Court was delivered PER CURIAM.

Appellant was convicted in a single trial of attempted capital murder and aggravated assault. His punishment was assessed at confinement for thirty years and fourteen years, respectively. The convictions were affirmed. *Johnson v. State*, 983 S.W.2d 800 (Tex.App.—Houston [14th Dist.] 1998). Appellant filed a petition for discretionary review, raising two grounds for review.

The Court of Appeals held that aggravated assault is a lesser included offense of attempted capital murder, and these offenses are the same for double jeopardy purposes. It pointed out that the double jeopardy clause protects against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. It agreed that a jeopardy violation would occur if Appellant had been prosecuted for these offenses in separate trials, but held, "[T]he State would not violate the Double Jeopardy Clause by prosecuting Johnson for both offenses in the same trial and imposing concurrent sentences for the offenses. See *Ex parte Herron*, 790 S.W.2d 623 625 (Tex.Crim.App.1990)." *Johnson*, at 802.

At the time the Court of Appeals decided this case, it did not have the benefit of our opinion in *Ex parte Ervin*, 991 S.W.2d 804 (Tex.Crim.App., 1999), where this Court determined that two offenses were the same for double jeopardy purposes. These offenses had been tried in one proceeding, and this Court held, "A double jeopardy violation occurs even when as in this case, the sentences are concurrent. *Ball v. United States*, 470 U.S. 856 864–865, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)." *Ervin*, at 817.

Accordingly, we grant ground one of Appellant's petition, vacate the Court of Appeals' judgment, and remand for recon-

sideration in light of *Ervin*. Appellant's second ground for review is refused without prejudice.