r02565concly1











NUMBER 13-02-565-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THOMAS CLAY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.


 


CONCURRING OPINION



Before Justices Hinojosa, Yañez, and Castillo


Concurring Opinion by Justice Yañez


 

 The majority holds that the trial court erred in including a charge on the
misdemeanor offense of reckless deadly conduct, (1) but concludes that appellant: (1) invited
the error; and (2) failed to show he was egregiously harmed by it. Although I concur in the
result reached by the majority, I write separately because I would hold the trial court did not
err in submitting the charge for the lesser-included offense of reckless deadly conduct.

 As the majority notes, the court of criminal appeals has held that before an
instruction on a lesser-included offense is warranted, the following test must be satisfied:
(1) the lesser-included offense must be included within the proof necessary to establish the
offense charged; and (2) some evidence must exist in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the lesser-included
offense. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing Rousseau v.
State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993)). 

 The majority reasons that under the evidence presented, reckless deadly conduct
is not a lesser-included offense of aggravated assault because there is no evidence Clay
"waved a firearm" at Henderson. It further reasons that reckless deadly conduct cannot
be a lesser-included offense of aggravated assault because doing so requires the State
to prove Clay "waved a firearm," an additional matter the State was not required to prove
under the indicted offense. As the majority notes, a lesser-included offense must be
established by less or the same proof, not additional matters not alleged. Douglas v. State,
915 S.W.2d 166, 169 (Tex. App.-Corpus Christi 1996, no pet.). 

 At the charge conference, Clay's counsel argued in favor of the reckless deadly
conduct instruction as follows:

[Clay's counsel]: Well, if the jury is prone to believe that [Clay] provoked Mr.
Henderson into this gun play, well, then, certainly the jury could believe that
he recklessly engaged in some type of conduct that placed Mr. Henderson
in imminent danger of serious bodily injury.


A short while later, the trial court responds:


[Court]: If the Defendant's witnesses are to be believed most favorably to the
Defendant, then there is evidence that the Defendant waved a gun at the
victim and that the victim went to a garage and shot himself. Under those
circumstances, it would be appropriate to submit the misdemeanor charge
of deadly conduct, and I will do so. 


 I conclude that Henderson's testimony that he saw a gun over Clay's shoulder is
sufficient evidence to support the lesser-included charge of reckless deadly conduct. 
Considering all the trial evidence, I would hold that there is more than a scintilla of
evidence to support the lesser-included charge that Clay engaged in conduct that placed
Henderson in imminent danger of serious bodily injury by "waving a firearm" at him. As the
trial court noted, viewing the evidence most favorably to Clay, the jury could have
reasonably believed that Clay engaged in conduct that provoked the confrontation by
displaying, brandishing, or "waving" a gun at Henderson, but that Henderson shot himself. 
Accordingly, I would hold that the trial court did not err in submitting the charge on the
lesser-included offense of reckless deadly conduct. 



 

 LINDA REYNA YAÑEZ

 Justice




Do not publish. Tex. R. App. P. 47.2(b).

Concurring opinion delivered and filed this the

15th day of July, 2004.
1. See Tex. Pen. Code Ann. § 22.05(a) (Vernon 2003).