Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed
and Memorandum Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00739-CR

____________

 

THOMAS EUGENE
LEDET,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 896,326

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of felony assault
on a household member, second offense and sentenced to four years= confinement,
probated for four years. The State subsequently filed a motion to revoke
community supervision. Appellant entered a plea of true and was sentenced to
two years= incarceration in the Institutional
Division of the Texas Department of Criminal Justice.  In two issues, appellant claims that the
underlying judgment is void because there is no evidence to support it and that
the trial court erred in imposing a sentence in excess of the maximum
authorized by law because he was convicted only of a misdemeanor, not a
felony.  We affirm.








On November 9, 2001, appellant was
arrested for assaulting his ex-wife. 
Because appellant had a prior conviction for assault on a family member,
he was charged with felony assault pursuant to the Texas Penal Code, which
provides that a second offense for assault on a family or household member is a
felony rather than a misdemeanor.  Act of
May 26, 1999, 76th Leg., R.S., ch. 1158, ' 1, sec.
22.01(b)(2), (e), 1999 Tex. Gen. Laws 4063 (amended 2005) (current version at Tex. Penal Code Ann. ' 22.01(b)(2)
(Vernon Supp. 2005)).  As his former
spouse, the victim is still considered a member of appellant=s family.[1]  See Tex.
Fam. Code Ann. ' 71.003 (Vernon 2002).  However, the indictment charged appellant
with assault on a member of his household rather than on his family.  Appellant entered a plea of guilty, and his
judicial confession quoted verbatim the language from the indictment, although Ahousehold@ was crossed out
and Afamily@ was handwritten
in its place.  This is the only evidence
before us regarding appellant=s plea and offense
because no transcript of the plea hearing appears in the record. 

In his first issue, appellant argues that
the underlying judgment is void because there is no evidence to support
it.  He contends that because the
indictment charges him with assault against a household member, but his judicial
confession was for assault on a family member, there is no evidence he
committed the crime alleged in the indictment.








Generally, an appeal from a probation
revocation order is limited to the propriety of the order and cannot include
review of the original conviction.  Whetstone
v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); Clark v. State,
997 S.W.2d 365, 369 (Tex. App.CDallas 1999, no
pet.).  However, A[i]f the original
judgment imposing probation was void, then the trial court would have no
authority to revoke probations, since, with no judgment imposing probation
(because it is a nullity), there is nothing to revoke.@  Nix v. State, 65 S.W.3d 664, 668 (Tex.
Crim. App. 2001).  

A judgment is void in only rare
circumstances, such as when the record reflects there is no evidence to support
the conviction.  Id.  The record must leave no question about the
existence of the defect.  Id.  Appellant cannot meet this burden because he
has not provided a complete record of the underlying proceedings.  As the Nix court explained, 

If the record is
incomplete, and the missing portion could conceivably show that the defect does
not in fact exist, then the judgment is not void, even though the available
portions of the record tend to support the existence of the defect.  For example, when a defendant levels a Ano evidence@ challenge against
the conviction, but the record contains no court reporter=s transcription of
the original plea hearing, then the conviction is not void, even though the
recordCas far as it goesCtends to support
the no evidence claim.  

Id. at 668B69.  Without a record of the plea hearing,
appellant cannot meet his burden of showing there is no evidence to support his
conviction; therefore, the judgment is not void.[2]  We overrule appellant=s first issue.[3]








In his second issue, appellant argues that
the trial court erred in imposing a sentence greater than the statutory
maximum.  He theorizes that because the
judgment did not affirmatively show he was convicted a second time for assault
on a family member, he was really convicted of a misdemeanor rather than a
felony.  The trial court=s judgment was
contained on a form that included a section for Aaffirmative
findings.@ 
All possible affirmative findings, including family violence, were
marked AN/A.@  However, the State can use extrinsic evidence
to show that an assault conviction was for assault on a family member.  See State v. Eakins, 71 S.W.3d 443,
444B45 (Tex. App.CAustin 2002, no
pet.).  Appellant=s judicial
confession constitutes such evidence, and it clearly shows the conviction was
for assault on a family member.  We
overrule appellant=s second issue.

Having overruled appellant=s two issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The Penal Code
provision in effect at the time did not define Afamily@ and Ahousehold@ but
instead referred to definitions found in sections 71.003 and 71.005 of the
Family Code.  See Act of May 26, 1999, 76th Leg., R.S., ch. 1158, ' 1, sec. 22.01(e), 1999 Tex. Gen.
Laws 4063 (amended 2005).  Under these sections, a Afamily@ includes Aindividuals
related by consanguinity or affinity@ and Aindividuals who are former spouses of each other,@ whereas a Ahousehold@ is Aa unit composed of persons living together in the same
dwelling, without regard to whether they are related to each other.@  Tex. Fam. Code Ann. '' 71.003, 71.005 (Vernon 2002).  Family Code section 71.006 also defines Ahousehold@ to
include Aa person who previously lived in a household,@ but the Penal Code did not reference that
provision.  See id. ' 71.006 (Vernon 2002); Act
of May 26, 1999, 76th
Leg., R.S., ch. 1158, ' 1, sec. 22.01(e), 1999 Tex. Gen.
Laws 4063 (amended 2005).





[2]  Appellant
relies on Tullos v. State, in which the court found the evidence
insufficient to support a conviction for assault based on the defendant=s threatening the victim when his judicial confession
was for stabbing the victim and did not mention threatening.  698 S.W.2d 488, 490B91 (Tex. App.CCorpus
Christi 1985, pet. ref=d).  However, Tullos
is inapposite here because there is no indication that the record was
incomplete.  See id.
Further, Tullos was a direct appeal, not a collateral attack on the
sufficiency of the evidence.  For the
judgment to be void, the record must show a complete lack of evidence to
support the conviction, not merely insufficient evidence.  Nix, 65 S.W.3d at 668 n.14.





[3]  Because we
overrule appellant=s first issue based upon the lack of a complete
record, we do not address the State=s
argument that the terms Afamily@ and Ahousehold@ are
used interchangeably in sections 22.01(a) and 22.01(b)(2) of the Texas Penal
Code and thus are not Adifferent offenses.@