NUMBER 13-10-00360-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

TODD MEINE,                                                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                                    Appellee.

                                                                     


 

On appeal from the 214th
District Court

of Nueces County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant,
Todd Meine, was convicted by a jury on two counts each of aggravated assault on
a public servant and attempted capital murder.  See Tex. Penal Code Ann. §§ 22.02,
15.01, 19.03 (West 2003).  The jury sentenced him to ninety-nine years’
confinement for each of the aggravated assault counts and life imprisonment for
each of the attempted capital murder counts.  By four issues, Meine now contends
that the trial court erred by:  (1) violating his Fifth Amendment protection
against double jeopardy when it entered judgment on both the aggravated assault
charges and the attempted capital murder charges for the same conduct; (2)
denying his requested instruction for insanity by intoxication as a mitigating
factor in the punishment phase of the trial; (3) denying his requested
instruction for the lesser-included offense of deadly conduct; and (4)
submitting a charge to the jury that did not track the indictment.  We affirm
in part and reverse and vacate in part.  

I.  Background

            Meine
was arrested in the parking garage of the American Bank Center (the “Center”)
in Corpus Christi after firing several gunshots at security officers.  Security
was originally called when Jose Macias, a parking attendant at the Center,
observed Meine “staggering around” and “falling over” outside of the parking
garage, and Macias’s supervisor, Veronica Ramirez, observed that Meine was
“kind of stumbling” and “looked intoxicated.”  Roland Saenz and Eduardo Nunez,
two off-duty Nueces County deputies, were working as security officers at the
Center and were called to investigate.  Additionally, three Center employees
were called to the scene for reports of someone banging on an elevator and
setting off a fire alarm in the parking garage.  When Saenz and Nunez arrived
at the parking garage, they observed that Meine appeared to be intoxicated,
that he could “barely stand up,” and that he was fumbling around a Jeep that
they knew to belong to the manager of the facility.  The two officers
approached Meine and asked for identification, to which Meine did not respond. 
Nunez testified that Meine had his back to them and that when one of them
grabbed Meine’s arm to turn him around, Meine opened fire.  Nunez recalled two
shots fired in his direction, one of which flew by his face.  Nunez testified
that as he went for cover, he heard several more shots.  Saenz testified that
several shots were fired and that one bullet hit his wristwatch.  After firing
the gun, Meine stumbled backwards and fell to the ground.  The other three
Center guards arrived at the garage just as Meine was drawing his firearm. 
After he fell to the ground, the guards grabbed him from behind, disarmed him,
and called the police.  The guards recovered a .22 caliber revolver and five
fired shells.

            Two
hours after Meine’s arrest, his blood alcohol level was tested and indicated a
.314, nearly four times the legal driving limit.  Meine testified at trial that
he had no recollection of the events at the Center, but that he was later told
that he shot a policeman.  Officer Jay Clement testified that in route to the
hospital, Meine told him that “the only reason he shot at them was because he
thought they were going to take his watch.”

II. 
Discussion

A.  Double
Jeopardy

            By
his first issue, Meine contends that the trial court erred “in failing to make
the State elect between the [a]ggravated [a]ssault counts and the [a]ttempted
[c]apital [m]urder counts.”  He contends that allowing the jury to find him
guilty of all four counts violated the Double Jeopardy provisions of both the
United States and Texas constitutions.  See U.S. Const. amend. V;
Tex. Const. art. 1,
§ 14.  We agree.

            “The
Double Jeopardy Clause of the Fifth Amendment, applicable to the states through
the Fourteenth Amendment, protects an accused . . . from being punished more
than once for the same offense.”  Littrell v. State, 271 S.W.3d 273, 275
(Tex. Crim. App. 2008).  “In the multiple-punishments context, two offenses may
be the same if one offense stands in relation to the other as a lesser-included
offense, or if the two offenses are defined under distinct statutory provisions
but the Legislature has made it clear that only one punishment is intended.”  Id.
at 275–76.

Under
the Texas Code of Criminal Procedure, an offense is a lesser-included offense
if:  (1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged; (2) it differs
from the offense charged only in the respect that a less serious injury or risk
of injury to the same person, property, or public interest suffices to
establish its commission; (3) it differs from the offense charged only in the
respect that a less culpable mental state suffices to establish its commission;
or (4) it consists of an attempt to commit the offense charged or an otherwise
included offense.  Tex. Crim. Proc. Ann.
art. 37.09 (West 2006).  “[T]he facts required" in article 37.09(1) is a
question of law that can be answered by looking at the elements and facts
alleged in the charging instrument.  See Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007).

We
must begin our analysis by determining whether the aggravated assault on the
officers is a lesser-included offense of the attempted capital murder of the
officers. See Littrell, 271 S.W.3d at 276.  “We make that determination
as a matter of state law by comparing the elements of the greater offense, as
the State pled it in the indictment, with the elements of the statute that
defines the lesser offense.”  Id. (citing Hall, 225 S.W.3d at
525).  If the aggravated assault is a lesser-included offense, the offenses are
the same for double jeopardy purposes and Meine may not be punished for both.  See
Littrell, 271 S.W.3d at 276.  “The second question, in that event, is
whether the Legislature has clearly expressed a contrary intention that the
accused should in fact be punished for both the greater and the lesser-included
offenses.”  Id.

Notably,
however, two offenses may be equated for double jeopardy purposes even if they
have divergent elements if the same “acts required” are alleged in the
indictment for each of the two offenses.  Bigon v. State, 252 S.W.3d 360,
370 (Tex. Crim. App. 2008)).  In Girdy, the Texas Court of Criminal
Appeals held that if “the prosecution, in proving the elements of one charged
offense, also necessarily proves another charged offense, then that other offense
is a lesser-included offense,” and continued that if there is no clear legislative
intent to punish the offenses separately, “multiple punishments for the
criminal act that is subject of the prosecution is barred.”  Girdy v. State,
213 S.W.3d 315, 319 (Tex. Crim. App. 2006)).  As this rule applies to this
case, a single act that demonstrates both the intent to threaten and the intent
to kill are not distinguishable for double jeopardy purposes.  Johnson v.
State, 983 S.W.2d 800, 802 (Tex. App.—Houston [14 Dist.] 1998), vacated
and remanded on other grounds, Johnson v. State, 991 S.W.2d 284
(Tex. Crim. App. 1999).  

            In
this case, Meine was indicted on two counts each of aggravated assault on a
public official and attempted capital murder, each with nearly identical
elements.  The attempted capital murder counts required a showing of the
following elements:

(1)  Todd Meine;

 

(2)  with the
specific intent to commit the offense of capital murder against Officers Nunez
and Saenz;

 

(3)  intentionally
and knowingly fired a gun at Nunez and Saenz;

 

(4)  this act
amounted to more than mere preparation which tended but failed to effect the
commission of said offense;

 

(5)  Nunez and
Saenz were peace officers acting in the lawful discharge of an official duties;
and

 

(6)  Meine knew
that Nunez and Saenz were peace officers.

 

The
aggravated assault counts required that: 

 

(1)  Todd
Meine;

 

(2)  intentionally
and knowingly threatened Nunez and Seanz with imminent bodily injury by firing
a gun at them;

 

(3)  Nunez
and Saenz were peace officers acting in the lawful discharge of an official
duties; and

 

(4)  Meine
knew that Nunez and Saenz were peace officers.

 

Here, the same
action—firing the gun—is the only evidence to demonstrate either the intent to
threaten with imminent bodily injury or the intent to commit capital murder.    Therefore,
under the indictment in this case, the State could not prove the greater
offense without also proving the lesser offense.  See Tex. Crim. Proc. Ann. art. 37.09. The
act of pointing the gun with intent to kill, without facts negating appellant's
intent to threaten the complainants with imminent bodily injury, leads us to
conclude that the element of threat—an intention to cause apprehension of
imminent bodily injury—is subsumed by pointing the gun at them.  Accordingly,
aggravated assault was a lesser-included offense of the attempted capital
murder count alleged in the indictment in this case.  See id.; Johnson,
983 S.W.2d at 802 (“Here, the aggravated assault charge is a lesser included
offense of attempted capital murder.  So, for double jeopardy purposes, the
attempted capital murder charge and the aggravated assault charge are the same
offense.”).  We sustain Meine’s first issue.[1]

            When
a defendant is subjected to multiple punishments for the same offense, the
remedy is to affirm the most serious offense and vacate the other convictions. 
Ex parte Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); Landers
v. State, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997).  The “most serious
offense” is defined as the offense for which the greatest sentence was
assessed. Bigon, 252 S.W.3d at 373; Ex parte Cavazos, 203 S.W.3d at
338.  Meine was convicted of both the attempted capital murder and the
aggravated assault on each of two complainants in the same incident and was
sentenced to life imprisonment on each of the attempted capital murder counts
and ninety-nine years' imprisonment on each of the aggravated assault counts. 
Pursuant to the rule laid out in Ex parte Cavazos, the remedy in this
case is to vacate the convictions for each of the two counts of aggravated
assault on a public official.  See Ex parte Cavazos, 203 S.W.3d at 338.

B. 
Insanity by Intoxication

            By
his second issue, Meine contends that the trial court erred in denying his
requested instruction for insanity by intoxication as a mitigating factor
during the punishment phase of his trial.

 

 

             A
court must submit an instruction on insanity by intoxication only if the
evidence tends to show the intoxication caused temporary insanity in the
defendant.  See Tex. Penal Code
Ann. § 8.04(b), (c) (West 2003).  “In order to raise the issue of
temporary insanity, the evidence had to suggest that [the appellant] did not
know right from wrong at the time of the alleged offense.”  Rainey v. State,
949 S.W.2d 537, 543 (Tex. App—Austin 1997, pet. ref’d) (citing Arnold v.
State, 742 S.W.2d 10, 16 (Tex. Crim. App. 1987)).  Additionally, it must
show that he was incapable of conforming his conduct to the law.  Cordova v.
State, 733 S.W.2d 175, 190 (Tex. Crim. App. 1987); Shelton v. State,
41 S.W.3d 208, 213 (Tex. App.—Austin 2001, pet. ref'd).  Evidence that the
defendant was intoxicated at the time of the offense does not automatically
entitle him to a mitigation instruction at punishment.  Miniel v. State,
831 S.W.2d 310, 320 (Tex. Crim. App. 1992); see also Ramirez v. State,
No. 03-04-00529-CR, 2006 Tex. App. LEXIS 3203, at **16–18  (Tex. App.—Austin
April 21, 2006, pet. ref’d) (mem. op., not designated for publication).  To
prove temporary insanity by intoxication, Meine had to show more than
intoxication; he had to present evidence that either the intoxication made him
unaware that what he was doing was wrong, or it made him incapable of
conforming his conduct to the law.  See Cordova, 733 S.W.2d at 190. 
Additionally, the insanity defense is not available to a “defendant who was
unconscious or semi-conscious at the time of the alleged offense, so that it
might be said of him that he did not know his conduct was wrong only because he
did not consciously know of his conduct at all.”  Mendenhall v. State,
77 S.W.3d 815, 818 (Tex. Crim. App. 2002).  




The
evidence was overwhelming that Meine was indeed intoxicated, but he failed to
present evidence that, because of his intoxication, he did not know his conduct
was wrong or he was incapable of conforming his conduct to the law.  See
Cordova, 733 S.W.2d at 190.  Meine provided no evidence to this effect
other than how extreme his intoxication was, and in fact, Meine made a comment
to one officer that he only shot at the two responding officers because he
thought they were trying to steal his watch—indicating that he was still able
to comprehend the idea that stealing was wrong and that he was entitled to
defend his property, however mistaken he might have been.  Because he failed to
present evidence of temporary insanity, Meine was not entitled to a mitigating
instruction on insanity by intoxication during punishment.  We overrule Meine's
second issue.  See id.; see also Ramirez, 2006 Tex. App. LEXIS
3203, at **16–18.

C.  Deadly
Conduct

            By
his third issue, Meine contends that the trial court erred by denying his
requested instruction on the lesser-included offense of deadly conduct as it
applied to the counts of attempted capital murder.  See Tex. Penal Code Ann. § 22.05 (West
2003).

There
is a two-part test for determining if an instruction on a lesser-included
offense should be given:  (1) the lesser offense must be included within the
proof necessary to establish the offense charged, and (2) there must be some
evidence that would permit the jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855
S.W.2d 666, 672–73 (Tex. Crim. App. 1993).  The only distinction between
attempted capital murder and the lesser offense of deadly conduct is the intent
of the actor—a person commits the offense of deadly conduct if he recklessly engages
in conduct that places another in imminent danger of serious bodily injury.  See
Tex. Penal Code Ann. § 22.05. 
Deadly conduct requires that the accused be aware of, but consciously
disregards, a substantial and justifiable risk that the circumstances exist or
the result will occur.  Id. § 6.03 (West 2003).  Thus, there is no
question that the offense of deadly conduct is included within the proof
necessary to establish the charged offense in this case.  See Walker v.
State, 994 S.W.2d 199, 202–03 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d) (citing Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App.
1986)) (“Deadly conduct is a lesser-included offense of attempted capital
murder.”).

            Accordingly,
we must determine if there is evidence from which the jury could have
rationally found that appellant was guilty only of recklessly shooting his
firearm without the intent to kill the officers.  See Pitonyak v. State,
253 S.W.3d 834, 847 (Tex. App.—Austin 2003, pet. ref’d).  Meine’s claimed
inability to remember the shooting does not, in itself, entitle him to an
instruction on the lesser offense.  See id.; Schroeder v. State,
123 S.W.3d 398, 401 (Tex. Crim. App. 2003).  Additionally, “it is not enough
that the jury might have disbelieved crucial evidence pertaining to the charged
offense.” Pitonyak, 253 S.W.3d at 847 (citing Bignall v. State,
887 S.W.2d 21, 24 (Tex. Crim. App. 1994)).  Rather, “there must be some
evidence directly germane to the included offenses for the jury to consider.”  Id. 
In other words, it is not sufficient that the jury might have chosen to
disbelieve that Meine intended an intentional or knowing murder; there must be
affirmative evidence that appellant was guilty only of acting recklessly.  See
id.   The record is barren of such evidence.  

Meine
contends that the testimony elicited from the officers in which they each
agreed that Meine was close enough to them that he could have killed them if he
so wished was sufficient evidence to justify the instruction on deadly
conduct.  We disagree because this evidence only showed that Meine did not hit
the officers, not that he did not intend to hit them.  Without some affirmative
evidence of a lower culpable mental state, Meine was not entitled to the
instruction on deadly conduct.  See Bignall, 887 S.W.2d at 24; Pitonyak,
253 S.W.3d at 847.  Additionally, evidence showing that Meine was intoxicated
was not sufficient to support the instruction on deadly conduct, because it,
likewise, constituted no affirmative evidence of any mental state whatsoever.  We
overrule Meine’s third issue.  

D.  Charge
Error

            By
his fourth issue, Meine contends that the trial court erred by submitting a
charge to the jury that did not track the indictment.  Specifically, he
contends that he was indicted in counts Three and Four for attempted capital
murder by means of “firing a gun” at the officers, but the charge to the jury
allowed a conviction on these charges if the jury merely found that Meine
“pointed a gun” at the officers.

“Our first duty in analyzing a
jury-charge issue is to decide whether error exists.  Then, if we find error,
we analyze that error for harm.”  Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005) (citing Middleton v. State, 125 S.W.3d 450, 453
(Tex. Crim. App. 2003)).  The degree of harm required to reverse the trial
court’s judgment depends on whether the appellant objected to the charge before
it was given to the jury.  Id.  Under Almanza v. State, if the
defendant has properly objected to the charge, we need only find “some harm” to
reverse the trial court’s judgment.  Id. at 743–44 (citing Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)).  If the
defendant fails to object, however, or states that he has no objection to the
charge, “we will not reverse for jury-charge error unless the record shows
‘egregious harm’ to the defendant.”  Id.  In determining whether
egregious harm exists, we examine the charge in its entirety, the state of the
evidence, the argument of counsel, and any other relevant information in the
record.  Id.  

            Assuming,
without deciding, that the trial court erred by including an incorrect
paragraph in the abstract portion of the jury charge, we turn to the issue of
harm.  In this case, Meine did not object to the jury charge on the ground that
it did not track the indictment, and therefore, he must show egregious harm in
order to be entitled to a new trial.  Ngo, 175 S.W.3d at 743–44.  In
this case, the charge tracked the indictment in the application paragraph and
does not appear confusing as to the elements that the jury was required to find
under the indictment.  Additionally, no party argued that Meine could be found
guilty of attempted capital murder by merely pointing the gun, and in fact, the
prosecutor continuously argued the elements as they were indicted, noting that
“[t]he issue is that shots were fired by that Defendant at people who were
peace officers,” and concluding, “Todd Meine shot at two cops, hit one, missed
the other one, trying to kill them, could have easily killed them.  And he’s
guilty of that offense.  Thank you.”  When we consider the evidence as a whole,
the argument of counsel, and the other relevant information, we conclude that
Meine has failed to demonstrate egregious harm.  See Almanza, 686 S.W.2d
at 171.  Therefore, we overrule his fourth issue.




III. 
Conclusion

            Sustaining
Meine’s first issue and overruling his remaining issues, we reverse and vacate
the trial court’s judgment as it applies to the two counts of aggravated
assault on a public servant, and we affirm the judgment as it applies to the
two counts of attempted capital murder.

 

________________________

GINA
M. BENAVIDES,

Justice

 

Publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

18th day of August, 2011. 

 









[1]  In Teeter v.
State, a recent case based on indistinguishable
facts, we affirmed the appellant’s convictions,
reasoning that “[t]he charge of aggravated assault in [the appellant’s]
indictment requires proof of a threat, and thus requires proof of an element
not required by the offense of attempted capital murder as charged in the
indictment.”  Teeter v. State, No. 13-07-00578-CR, 2009 Tex. App. LEXIS
5668, at **47–48 (Tex. App.—Corpus Christi, July 23, 2009) (mem. op., not
designated for publication) (citing Douglas v. State, 915 S.W.2d 166,
169 (Tex. App.—Corpus Christi 1996, no pet.); Hall
v. State, 225 S.W.3d 524, 536–37 (Tex. Crim. App. 2007)).  The Texas Court of Criminal Appeals, however, reversed our
holding and vacated the trial
court’s judgment on the assault charge.  See Teeter
v. State, No. PD-1169-09, 2010 Tex. Crim. App. LEXIS 1206, at *25 (Tex.
Crim. App. Sep. 22, 2010) (not designated for publication).  However,
because the court opted not to publish its opinion, we are not permitted to
consider it as precedent in support of our holding in this case.  See Tex. R. App. P. 77.3 (“Unpublished opinions have no
precedential value and must not be cited as authority by counsel or by a
court.”).  Nevertheless, we note that our holding in this case is
consistent with the court of criminal appeals holding in Teeter.  See
id.