# NO. 12-12-00282-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY EVAN SHEPHERD,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Rodney Evan Shepherd appeals from his convictions for murder and aggravated assault. In one issue, Appellant argues that his conviction for aggravated assault is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We affirm.

### BACKGROUND

An Angelina County grand jury indicted Appellant for the offenses of murder and aggravated assault. In the murder count of the indictment, the grand jury alleged that Appellant knowingly or intentionally caused the death of Frederick Gilmore by stabbing him or, that he, with the intent to cause serious bodily injury, committed an act clearly dangerous to human life, stabbing Gilmore, which resulted in his death. In the aggravated assault count of the indictment, the grand jury alleged that Appellant intentionally or knowingly threatened Gilmore with imminent bodily injury and used or exhibited a knife in the commission of the offense. The grand jury also alleged that Appellant had a prior felony conviction.

Appellant pleaded not guilty at his trial. Appellant testified that Gilmore had asked him to buy crack cocaine for him one night at the home where Appellant lived. Appellant agreed to do so,

but Gilmore withdrew his request. The two exchanged some unkind words about drug use, according to Appellant, but he testified that he did not threaten Gilmore. Appellant testified that he left and that Gilmore came out of the house and "broke down like he knew karate." Appellant understood this to be a threat, and he struck Gilmore two times with his hands. Gilmore went into the house, got a level, and came back and hit Appellant with it. Appellant testified that he pulled out his knife and lunged at Gilmore one time, cutting him with the knife. Appellant then tried to give aid to Gilmore and waited for the police to arrive.

Brittany Smith was present for the entire encounter. She testified that the two men began arguing soon after Appellant arrived at the house. She testified that Appellant said to Gilmore, "Come outside. I'm going to kill you tonight." She testified that Appellant made that statement more than once and that he had an opened pocket knife in his hand as he said it. Eventually, the men both went outside. Appellant was waiting for Gilmore and still had the knife in his hand. Gilmore had picked up a level. According to Smith's rendition of the facts, Gilmore began to walk away and Appellant stabbed or cut him with the knife.

The jury found Appellant guilty of murder and aggravated assault. Appellant pleaded true to the enhancement paragraph, and the jury assessed a sentence of imprisonment for sixty years and a fine of $5,000 for the murder count and imprisonment for twenty-five years and a fine of $2,500 for the aggravated assault count. This appeal followed.

## DOUBLE JEOPARDY

In his sole issue, Appellant argues that his conviction for aggravated assault is barred by double jeopardy principles.

### Applicable Law–Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that a person shall not be "subject for the same offence to be twice put in jeopardy of life or limb." *See* U.S. CONST. amend. V. This provision is applicable to the states through the Fourteenth Amendment, and it protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted and from being punished more than once for the same offense. *See **Brown v. Ohio***, 432 U.S. 161, 164–65, 97 S. Ct. 2221, 2224–25, 53 L. Ed. 2d 187 (1977). The Texas Constitution likewise provides that no person "for the same offense, shall be

2

twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art I, § 14. These two provisions protect the same rights. *Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).

Because the legislature is free to determine what penalties should attach to criminal conduct, whether two offenses are the same offense for purposes of a double jeopardy analysis is a matter of legislative intent. *See **Littrell v. State***, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008) (citing ***Missouri v. Hunter***, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); ***Ex parte Kopecky***, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992)). When evaluating whether a double jeopardy violation has occurred, the core question is whether the state has exceeded the number of allowable units of prosecution the legislature intended for a given set of conduct. *See **Lopez v. State***, 108 S.W.3d 293, 296 (Tex. Crim. App. 2003) (citing ***Blockburger v. United States***, 284 U.S. 299, 302, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

A double jeopardy violation may be raised for the first time on appeal if "the undisputed facts show a double jeopardy violation that is clearly apparent on the face of the record and enforcement of the usual rules of procedural default serves no legitimate state interest." *See **Ex parte Knipp***, 236 S.W.3d 214, 216 n.3 (Tex. Crim. App. 2007); ***Gonzalez v. State***, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

## Analysis–Double Jeopardy

Appellant has not been previously convicted of either of these offenses, and so he raises a multiple punishment double jeopardy claim. There are two variations of a multiple-punishments claim: (1) where there are both a greater and a lesser included offense and the same conduct is punished twice-once for the basic conduct and a second time for that conduct plus more; and (2) where the same criminal act is punished under two distinct statutes and the legislature intended the conduct to be punished only once. *Ex parte Denton*, Nos. AP-76,801, AP-76,802, 2013 Tex. Crim. App. LEXIS 792, at *10-11 (Tex. Crim. App. May 22, 2013). Under this test, offenses are evaluated to see if they are the same as one another by "elements" or by "units." *See **id***. at *17. The elements inquiry, often called the ***Blockburger*** test, creates a presumption that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one[,] is whether each provision requires proof of a

3

fact which the other does not." *See* **Blockburger v. United States**, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). With some exceptions, the units inquiry is an examination of whether a single legally proscribed offense has been committed more than one time. **Ex parte Denton**, 2013 Tex. Crim. App. LEXIS 792, at *21.

Appellant argues, based on **Johnson v. State**, 983 S.W.2d 800 (Tex. App.–Houston [14th Dist.] 1998), rev'd by **Johnson v. State**, 991 S.W.2d 284 (Tex. Crim. App. 1999), and the opinion issued after remand, **Johnson v. State**, 6 S.W.3d 323 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd), that the two offenses here are the same. We disagree.

In **Johnson**, the court found that the offenses of attempted capital murder and aggravated assault were the same offense because, as the offenses were alleged in that case, the indictments alleged the same conduct. **Johnson**, 983 S.W.2d at 801. Specifically, both indictments alleged that the defendant committed an offense by "shooting said firearm in the direction of the complainant" and by "shooting the complainant with a deadly weapon." **Id**. In other words, the defendant engaged in a single act of shooting, and the State charged him with two separate offenses. Because the lesser charge was proven by proof of the greater charge, the court concluded that the offenses were the same for purposes of double jeopardy. **Id**. at 802.

By contrast, in this case the indictments pertain to two separate incidents and do not address the same conduct. Also, the proof necessary for one charge does not supply the proof necessary for the other charge. As charged in the murder count of the indictment, the State had to prove that Appellant, acting with the intent to cause serious bodily injury, committed an act clearly dangerous to human life that caused the death of Frederick Gilmore by stabbing him with a knife or that he intentionally or knowingly killed Gilmore by stabbing him. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2011). As charged in the aggravated assault count of the indictment, the State had to prove that Appellant knowingly or intentionally threatened Frederick Gilmore with imminent bodily injury and used or exhibited a deadly weapon. *See id*. § 22.02(a)(2) (West 2011).

Appellant argues that, as in the **Johnson** case, "the aggravated assault is the act that was both clearly dangerous to human life and the act that caused the death of Gilmore." That is not the case. An aggravated assault, the stabbing, did cause Gilmore's death. But the aggravated assault that was charged in the indictment was a separate assault committed by a threat. The assault by threat did not cause Gilmore's death. The court of criminal appeals has held specifically that an aggravated assault

4

by threat is not a lesser included offense,[1] and therefore not the same offense, as murder.  *See **Hall v. State***, 225 S.W.3d 524, 537 (Tex. Crim. App. 2007) ("Aggravated assault by threat, like the other offenses mentioned, requires proof of additional facts.").

Because murder and aggravated assault, as charged in the indictment and as shown at trial, each require proof of elements not required by the other, aggravated assault is not the same offense as murder in this case.   Therefore, the constitutional double jeopardy prohibitions pose no impediment to punishment of Appellant for the offense of killing Frederick Gilmore and the offense of threatening him minutes before the fatal affray.   We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] A lesser included offense is one that (1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) consists of an attempt to commit the offense charged or an otherwise included offense.   TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00282-CR**

**RODNEY EVAN SHEPHERD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. 2012-0152)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*