

NUMBER 13-10-00360-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TODD MEINE,                                         **Appellant,**

**v.**

THE STATE OF TEXAS,                             **Appellee.**

## On appeal from the 214th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Todd Meine, was convicted by a jury on two counts each of aggravated assault on a public servant and attempted capital murder. *See* TEX. PENAL CODE ANN. §§ 22.02, 15.01, 19.03 (West 2003). The jury sentenced him to ninety-nine years' confinement for each of the aggravated assault counts and life imprisonment for each of

the attempted capital murder counts. By four issues, Meine now contends that the trial court erred by: (1) violating his Fifth Amendment protection against double jeopardy when it entered judgment on both the aggravated assault charges and the attempted capital murder charges for the same conduct; (2) denying his requested instruction for insanity by intoxication as a mitigating factor in the punishment phase of the trial; (3) denying his requested instruction for the lesser-included offense of deadly conduct; and (4) submitting a charge to the jury that did not track the indictment. We affirm in part and reverse and vacate in part.

## I. BACKGROUND

Meine was arrested in the parking garage of the American Bank Center (the "Center") in Corpus Christi after firing several gunshots at security officers. Security was originally called when Jose Macias, a parking attendant at the Center, observed Meine "staggering around" and "falling over" outside of the parking garage, and Macias's supervisor, Veronica Ramirez, observed that Meine was "kind of stumbling" and "looked intoxicated." Roland Saenz and Eduardo Nunez, two off-duty Nueces County deputies, were working as security officers at the Center and were called to investigate. Additionally, three Center employees were called to the scene for reports of someone banging on an elevator and setting off a fire alarm in the parking garage. When Saenz and Nunez arrived at the parking garage, they observed that Meine appeared to be intoxicated, that he could "barely stand up," and that he was fumbling around a Jeep that they knew to belong to the manager of the facility. The two officers approached Meine and asked for identification, to which Meine did not respond. Nunez testified that Meine had his back to them and that when one of them grabbed Meine's arm to turn him

2

around, Meine opened fire. Nunez recalled two shots fired in his direction, one of which flew by his face. Nunez testified that as he went for cover, he heard several more shots. Saenz testified that several shots were fired and that one bullet hit his wristwatch. After firing the gun, Meine stumbled backwards and fell to the ground. The other three Center guards arrived at the garage just as Meine was drawing his firearm. After he fell to the ground, the guards grabbed him from behind, disarmed him, and called the police. The guards recovered a .22 caliber revolver and five fired shells.

Two hours after Meine's arrest, his blood alcohol level was tested and indicated a .314, nearly four times the legal driving limit. Meine testified at trial that he had no recollection of the events at the Center, but that he was later told that he shot a policeman. Officer Jay Clement testified that in route to the hospital, Meine told him that "the only reason he shot at them was because he thought they were going to take his watch."

## II. DISCUSSION

### A. Double Jeopardy

By his first issue, Meine contends that the trial court erred "in failing to make the State elect between the [a]ggravated [a]ssault counts and the [a]ttempted [c]apital [m]urder counts." He contends that allowing the jury to find him guilty of all four counts violated the Double Jeopardy provisions of both the United States and Texas constitutions. *See* U.S. CONST. amend. V; TEX. CONST. art. 1, § 14. We agree.

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused . . . from being punished more than once for the same offense." *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App.

3

2008). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Id.* at 275–76.

Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CRIM. PROC. ANN. art. 37.09 (West 2006). "[T]he facts required" in article 37.09(1) is a question of law that can be answered by looking at the elements and facts alleged in the charging instrument. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

We must begin our analysis by determining whether the aggravated assault on the officers is a lesser-included offense of the attempted capital murder of the officers. *See Littrell*, 271 S.W.3d at 276. "We make that determination as a matter of state law by comparing the elements of the greater offense, as the State pled it in the indictment, with the elements of the statute that defines the lesser offense." *Id.* (citing *Hall*, 225 S.W.3d at 525). If the aggravated assault is a lesser-included offense, the offenses are the same for double jeopardy purposes and Meine may not be punished for both. *See Littrell*, 271 S.W.3d at 276. "The second question, in that event, is whether the

4

Legislature has clearly expressed a contrary intention that the accused should in fact be punished for both the greater and the lesser-included offenses." *Id.*

Notably, however, two offenses may be equated for double jeopardy purposes even if they have divergent elements if the same "acts required" are alleged in the indictment for each of the two offenses. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)). In *Girdy*, the Texas Court of Criminal Appeals held that if "the prosecution, in proving the elements of one charged offense, also necessarily proves another charged offense, then that other offense is a lesser-included offense," and continued that if there is no clear legislative intent to punish the offenses separately, "multiple punishments for the criminal act that is subject of the prosecution is barred." *Girdy v. State*, 213 S.W.3d 315, 319 (Tex. Crim. App. 2006)). As this rule applies to this case, a single act that demonstrates both the intent to threaten and the intent to kill are not distinguishable for double jeopardy purposes. *Johnson v. State*, 983 S.W.2d 800, 802 (Tex. App.—Houston [14 Dist.] 1998), *vacated and remanded on other grounds*, *Johnson v. State*, 991 S.W.2d 284 (Tex. Crim. App. 1999).

In this case, Meine was indicted on two counts each of aggravated assault on a public official and attempted capital murder, each with nearly identical elements. The attempted capital murder counts required a showing of the following elements:

 (1) Todd Meine;

 (2) with the specific intent to commit the offense of capital murder against Officers Nunez and Saenz;

 (3) intentionally and knowingly fired a gun at Nunez and Saenz;

 (4) this act amounted to more than mere preparation which tended but failed to effect the commission of said offense;

5

      (5) Nunez and Saenz were peace officers acting in the lawful discharge of an official duties; and

      (6) Meine knew that Nunez and Saenz were peace officers.

The aggravated assault counts required that:

      (1) Todd Meine;

      (2) intentionally and knowingly threatened Nunez and Seanz with imminent bodily injury by firing a gun at them;

      (3) Nunez and Saenz were peace officers acting in the lawful discharge of an official duties; and

      (4) Meine knew that Nunez and Saenz were peace officers.

Here, the same action—firing the gun—is the only evidence to demonstrate either the intent to threaten with imminent bodily injury or the intent to commit capital murder. Therefore, under the indictment in this case, the State could not prove the greater offense without also proving the lesser offense. *See* Tex. Crim. Proc. Ann. art. 37.09. The act of pointing the gun with intent to kill, without facts negating appellant's intent to threaten the complainants with imminent bodily injury, leads us to conclude that the element of threat—an intention to cause apprehension of imminent bodily injury—is subsumed by pointing the gun at them. Accordingly, aggravated assault was a lesser-included offense of the attempted capital murder count alleged in the indictment in this case. *See id.*; *Johnson,* 983 S.W.2d at 802 ("Here, the aggravated assault charge is a lesser included offense of attempted capital murder. So, for double jeopardy purposes, the attempted capital murder charge and the aggravated assault charge are the same offense."). We sustain Meine's first issue.[1]

---

[1] In *Teeter v. State*, a recent case based on indistinguishable facts, we affirmed the appellant's convictions, reasoning that "[t]he charge of aggravated assault in [the appellant's] indictment requires proof

6

When a defendant is subjected to multiple punishments for the same offense, the remedy is to affirm the most serious offense and vacate the other convictions. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997). The "most serious offense" is defined as the offense for which the greatest sentence was assessed. *Bigon*, 252 S.W.3d at 373; *Ex parte Cavazos*, 203 S.W.3d at 338. Meine was convicted of both the attempted capital murder and the aggravated assault on each of two complainants in the same incident and was sentenced to life imprisonment on each of the attempted capital murder counts and ninety-nine years' imprisonment on each of the aggravated assault counts. Pursuant to the rule laid out in *Ex parte Cavazos*, the remedy in this case is to vacate the convictions for each of the two counts of aggravated assault on a public official. *See Ex parte Cavazos*, 203 S.W.3d at 338.

## B. Insanity by Intoxication

By his second issue, Meine contends that the trial court erred in denying his requested instruction for insanity by intoxication as a mitigating factor during the punishment phase of his trial.

---

of a threat, and thus requires proof of an element not required by the offense of attempted capital murder as charged in the indictment." *Teeter v. State*, No. 13-07-00578-CR, 2009 Tex. App. LEXIS 5668, at **47–48 (Tex. App.—Corpus Christi, July 23, 2009) (mem. op., not designated for publication) (citing *Douglas v. State*, 915 S.W.2d 166, 169 (Tex. App.—Corpus Christi 1996, no pet.); *Hall v. State*, 225 S.W.3d 524, 536–37 (Tex. Crim. App. 2007)). The Texas Court of Criminal Appeals, however, reversed our holding and vacated the trial court's judgment on the assault charge. *See Teeter v. State*, No. PD-1169-09, 2010 Tex. Crim. App. LEXIS 1206, at *25 (Tex. Crim. App. Sep. 22, 2010) (not designated for publication). However, because the court opted not to publish its opinion, we are not permitted to consider it as precedent in support of our holding in this case. *See* TEX. R. APP. P. 77.3 ("Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court."). Nevertheless, we note that our holding in this case is consistent with the court of criminal appeals holding in *Teeter*. *See id*.

7

A court must submit an instruction on insanity by intoxication only if the evidence tends to show the intoxication caused temporary insanity in the defendant. *See* TEX. PENAL CODE ANN. § 8.04(b), (c) (West 2003). "In order to raise the issue of temporary insanity, the evidence had to suggest that [the appellant] did not know right from wrong at the time of the alleged offense." *Rainey v. State*, 949 S.W.2d 537, 543 (Tex. App—Austin 1997, pet. ref'd) (citing *Arnold v. State*, 742 S.W.2d 10, 16 (Tex. Crim. App. 1987)). Additionally, it must show that he was incapable of conforming his conduct to the law. *Cordova v. State*, 733 S.W.2d 175, 190 (Tex. Crim. App. 1987); *Shelton v. State*, 41 S.W.3d 208, 213 (Tex. App.—Austin 2001, pet. ref'd). Evidence that the defendant was intoxicated at the time of the offense does not automatically entitle him to a mitigation instruction at punishment. *Miniel v. State*, 831 S.W.2d 310, 320 (Tex. Crim. App. 1992); *see also Ramirez v. State*, No. 03-04-00529-CR, 2006 Tex. App. LEXIS 3203, at **16–18 (Tex. App.—Austin April 21, 2006, pet. ref'd) (mem. op., not designated for publication). To prove temporary insanity by intoxication, Meine had to show more than intoxication; he had to present evidence that either the intoxication made him unaware that what he was doing was wrong, or it made him incapable of conforming his conduct to the law. *See Cordova*, 733 S.W.2d at 190. Additionally, the insanity defense is not available to a "defendant who was unconscious or semi-conscious at the time of the alleged offense, so that it might be said of him that he did not know his conduct was wrong only because he did not consciously know of his conduct at all." *Mendenhall v. State*, 77 S.W.3d 815, 818 (Tex. Crim. App. 2002).

The evidence was overwhelming that Meine was indeed intoxicated, but he failed to present evidence that, because of his intoxication, he did not know his conduct was wrong or he was incapable of conforming his conduct to the law. *See Cordova*, 733 S.W.2d at 190. Meine provided no evidence to this effect other than how extreme his intoxication was, and in fact, Meine made a comment to one officer that he only shot at the two responding officers because he thought they were trying to steal his watch—indicating that he was still able to comprehend the idea that stealing was wrong and that he was entitled to defend his property, however mistaken he might have been. Because he failed to present evidence of temporary insanity, Meine was not entitled to a mitigating instruction on insanity by intoxication during punishment. We overrule Meine's second issue. *See id.*; *see also Ramirez*, 2006 Tex. App. LEXIS 3203, at **16–18.

## C. Deadly Conduct

By his third issue, Meine contends that the trial court erred by denying his requested instruction on the lesser-included offense of deadly conduct as it applied to the counts of attempted capital murder. *See* TEX. PENAL CODE ANN. § 22.05 (West 2003).

There is a two-part test for determining if an instruction on a lesser-included offense should be given: (1) the lesser offense must be included within the proof necessary to establish the offense charged, and (2) there must be some evidence that would permit the jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993). The only distinction between attempted capital murder and the lesser offense of deadly

9

conduct is the intent of the actor—a person commits the offense of deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.05. Deadly conduct requires that the accused be aware of, but consciously disregards, a substantial and justifiable risk that the circumstances exist or the result will occur. *Id.* § 6.03 (West 2003). Thus, there is no question that the offense of deadly conduct is included within the proof necessary to establish the charged offense in this case. *See Walker v. State*, 994 S.W.2d 199, 202–03 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (citing *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986)) ("Deadly conduct is a lesser-included offense of attempted capital murder.").

Accordingly, we must determine if there is evidence from which the jury could have rationally found that appellant was guilty only of recklessly shooting his firearm without the intent to kill the officers. *See Pitonyak v. State*, 253 S.W.3d 834, 847 (Tex. App.—Austin 2003, pet. ref'd). Meine's claimed inability to remember the shooting does not, in itself, entitle him to an instruction on the lesser offense. *See id.*; *Schroeder v. State*, 123 S.W.3d 398, 401 (Tex. Crim. App. 2003). Additionally, "it is not enough that the jury might have disbelieved crucial evidence pertaining to the charged offense." *Pitonyak*, 253 S.W.3d at 847 (citing *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994)). Rather, "there must be some evidence directly germane to the included offenses for the jury to consider." *Id.* In other words, it is not sufficient that the jury might have chosen to disbelieve that Meine intended an intentional or knowing murder; there must be affirmative evidence that appellant was guilty only of acting recklessly. *See id.* The record is barren of such evidence.

10

Meine contends that the testimony elicited from the officers in which they each agreed that Meine was close enough to them that he could have killed them if he so wished was sufficient evidence to justify the instruction on deadly conduct. We disagree because this evidence only showed that Meine did not hit the officers, not that he did not intend to hit them. Without some affirmative evidence of a lower culpable mental state, Meine was not entitled to the instruction on deadly conduct. *See Bignall*, 887 S.W.2d at 24; *Pitonyak*, 253 S.W.3d at 847. Additionally, evidence showing that Meine was intoxicated was not sufficient to support the instruction on deadly conduct, because it, likewise, constituted no affirmative evidence of any mental state whatsoever. We overrule Meine's third issue.

**D. Charge Error**

By his fourth issue, Meine contends that the trial court erred by submitting a charge to the jury that did not track the indictment. Specifically, he contends that he was indicted in counts Three and Four for attempted capital murder by means of "firing a gun" at the officers, but the charge to the jury allowed a conviction on these charges if the jury merely found that Meine "pointed a gun" at the officers.

"Our first duty in analyzing a jury-charge issue is to decide whether error exists. Then, if we find error, we analyze that error for harm." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). The degree of harm required to reverse the trial court's judgment depends on whether the appellant objected to the charge before it was given to the jury. *Id.* Under *Almanza v. State*, if the defendant has properly objected to the charge, we need only find "some harm" to reverse the trial court's judgment. *Id.* at 743–44 (citing

11

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). If the defendant fails to object, however, or states that he has no objection to the charge, "we will not reverse for jury-charge error unless the record shows 'egregious harm' to the defendant." *Id*. In determining whether egregious harm exists, we examine the charge in its entirety, the state of the evidence, the argument of counsel, and any other relevant information in the record. *Id*.

Assuming, without deciding, that the trial court erred by including an incorrect paragraph in the abstract portion of the jury charge, we turn to the issue of harm. In this case, Meine did not object to the jury charge on the ground that it did not track the indictment, and therefore, he must show egregious harm in order to be entitled to a new trial. *Ngo*, 175 S.W.3d at 743–44. In this case, the charge tracked the indictment in the application paragraph and does not appear confusing as to the elements that the jury was required to find under the indictment. Additionally, no party argued that Meine could be found guilty of attempted capital murder by merely pointing the gun, and in fact, the prosecutor continuously argued the elements as they were indicted, noting that "[t]he issue is that shots were fired by that Defendant at people who were peace officers," and concluding, "Todd Meine shot at two cops, hit one, missed the other one, trying to kill them, could have easily killed them. And he's guilty of that offense. Thank you." When we consider the evidence as a whole, the argument of counsel, and the other relevant information, we conclude that Meine has failed to demonstrate egregious harm. *See Almanza*, 686 S.W.2d at 171. Therefore, we overrule his fourth issue.

### III. CONCLUSION

Sustaining Meine's first issue and overruling his remaining issues, we reverse and vacate the trial court's judgment as it applies to the two counts of aggravated assault on a public servant, and we affirm the judgment as it applies to the two counts of attempted capital murder.

_____
GINA M. BENAVIDES,
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of August, 2011.