# NO. 12-22-00306-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JORDAN BARTLETT JONES, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jordan Bartlett Jones appeals his conviction for unlawfully disclosing or promoting intimate visual material. He presents three issues on appeal. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by information with unlawful disclosure of intimate visual material.[1] Prior to trial, Appellant filed a petition for writ of habeas corpus alleging that the statute was facially unconstitutional under the First Amendment. The trial court denied the petition. On appeal, this Court held the statute was a content-based restriction that failed strict scrutiny and was overbroad under the First Amendment.[2] The Court of Criminal Appeals disagreed and held the statute constitutional.[3] On remand, Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged in

---

[1] Appellant was charged and convicted under the prior version of the Texas Penal Code Section 21.16(b). *See* Act of May 26, 2015, 84th Leg., R.S., ch. 852, § 3, 2015 Tex. Sess. Law Serv. 2723, 2725 (current version codified at Penal Code § 21.16).

[2] *Ex Parte Jones*, No. 12-17-00346-CR, 2018 WL 2228888, at *5-7 (Tex. App.—Tyler May 16, 2018), *rev'd*, No. PD-0552-18, 2021 WL 2126172 (Tex. Crim. App. May 26, 2021).

[3] *Ex parte Jones*, No. PD-0552-18, 2021 WL 2126172, at *3–17 (Tex. Crim. App. May 26, 2021) (per curiam).

the information.  Appellant elected to have the trial court assess punishment, and the trial court sentenced Appellant to 365 days confinement.  This appeal followed.

## CONSTITUTIONALITY OF STATUTE

In his first issue, Appellant contends that Section 21.16(b) of the Texas Penal Code is unconstitutional because it violates the free-speech guarantee of the First Amendment to the United States Constitution.[4]

The Court of Criminal Appeals has already rejected Appellant's position, holding that the original version of Section 21.16(b) of the Penal Code, which is the same version of the statute at issue in this suit, is constitutional.  *See Ex parte Jones*, No. PD-0552-18, 2021 WL 2126172, at *3–17 (Tex. Crim. App. May 26, 2021) (per curiam) (rejecting challenge that Section 21.16(b) facially violated First Amendment).  While one judge filed a concurring opinion and another concurred without opinion, the Court was unanimous in rejecting the position Appellant advocates in this appeal.  *See id.* at *17; *see also Ex parte Jones*, 625 S.W.3d 118 (Tex. Crim. App. 2021) (Yeary, J., concurring).

But the decision of the Court of Criminal Appeals in *Ex parte Jones* is unpublished, and the Court's unpublished opinions "have no precedential value and must not be cited as authority by counsel or by a court."  TEX. R. APP. P. 77.3; *see Turner v. State*, 443 S.W.3d 328, 333 n.2 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing unpublished Court of Criminal Appeals decision relied on by appellant in challenging trial court's evidentiary rulings but refusing to consider decision based on Rule 77.3).  As a result, Appellant asks this Court to follow our now-overturned opinion in Appellant's habeas case and hold the statute unconstitutional.  *See Ex Parte Jones*, No. 12-17-00346-CR, 2018 WL 2228888, (Tex. App.—Tyler May 16, 2018), *rev'd*, No. PD-0552-18, 2021 WL 2126172, at *3–17 (Tex. Crim. App. May 26, 2021).

The Court of Criminal Appeals decided the constitutional issue before us in a thorough opinion that reflects its judgment that Section 21.16(b) does not run afoul of the First Amendment. None of the Court's judges dissented from that judgment.  While *Ex parte Jones* is not precedent, as a practical matter its reasoning calls for the same result in this materially indistinguishable appeal.  *See Meine v. State*, 356 S.W.3d 605, 610 n.1 (Tex. App.—Corpus

---

[4] In 2019 the Texas Legislature amended Penal Code Section 21.16(b), but the amended version applies only to offenses committed on or after September 1, 2019 and is not at issue in today's case. *See* Act of May 19, 2019, 86th Leg., R.S., ch. 1354, §§ 2, 3(b), 4, 2019 Tex. Sess. Law Serv. 4985, 4985–86.

Christi 2011, pet. ref'd) (noting that court's own decision was consistent with unpublished opinion issued by Court of Criminal Appeals even though unpublished opinion was not binding precedent that could be considered). If we were to adopt our prior **Jones** opinion, we would be running afoul of the Court of Criminal Appeals. We therefore adopt the Court's reasoning as our own. *See **Ex parte Mora***, 634 S.W.3d 255, 256 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd) (adopting Court of Criminal Appeals' reasoning in **Jones**). We overrule Appellant's first issue.

**EVIDENTIARY SUFFICIENCY**

In his second issue, Appellant urges the evidence is insufficient to support his conviction. Specifically, he contends the evidence fails to show a reasonable expectation of privacy in the images at issue.

## Standard of Review and Applicable Law

The ***Jackson v. Virginia***[5] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Brooks***, 323 S.W.3d at 899; *see **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that

---

[5] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

resolution." ***Jackson***, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed 2d 642 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id***.

A person commits the offense of unlawfully disclosing or promoting intimate visual material if without the effective consent of the depicted person, he intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct, the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private, the disclosure of the visual material causes harm to the depicted person, and the disclosure of the visual material reveals the identity of the depicted person. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 852, § 3, 2015 Tex. Sess. Law Serv. 2723, 2725 (current version codified at Penal Code § 21.16).

A "reasonable belief" is one that "would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42) (West 2021). Sexual behavior is the "the most private human conduct," and violations of sexual privacy are "intrinsically harmful because sex is inherently private." ***Ex parte Fairchild-Porche***, 638 S.W.3d 770, 783 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Furthermore, victims of revenge porn cannot "counterspeak their way out of a violation of their most private affairs and bodily autonomy of the serious harms that may accompany that violation." ***Id.***

## Analysis

Appellant contends the State failed to prove that the depicted person had a reasonable expectation that the visual material would remain private.

The facts of the case are generally undisputed. The evidence at trial showed that Ashley Boykin and Appellant matched on Tinder, a dating app. They subsequently switched to communicating via text messaging. Their text messages became sexual in nature. During a text

4

message exchange, Appellant asked to see Boykin's sex toy. Boykin replied with a video of herself masturbating. As a precaution, she kept her face and voice off-camera. Eventually, Boykin and Appellant went on a date and had sex at Boykin's residence. After the date, Boykin decided to end the relationship, which she failed to communicate to Appellant. Instead, she ignored Appellant's text messages and phone calls, a practice commonly known as "ghosting." In retaliation, Appellant sent Boykin's video to eighty-four people, including her mother, ex-husband, and former brother-in-law. Boykin initially asked Appellant to stop sharing the video, and she later filed a police report. Boykin told the detective that she sent the video only to Appellant and no one else.

On appeal, Appellant argues that the State failed to prove Boykin had a reasonable expectation of privacy in the videos and images she transmitted to Appellant. He urges that because Boykin made the sexually explicit video herself and sent them to a man she had never met in person, she could not have expected them to remain private. Appellant further contends that Boykin did not truly know to whom she was sending the video because it could have been "someone in China at a computer screen." He also points to Boykin's admission that she previously sent similar sexual videos via text message to other individuals, including her ex-husband.

However, Appellant's own actions reveal that he knew the video was meant to remain private. Appellant sent the video to eighty-four people, but he did so only after being ghosted by Boykin. In addition, Appellant told Boykin that he hoped she learned a "lesson on honesty" after he shared her video. And when Appellant's ex-husband attempted to intervene, Appellant told him that his involvement would make things worse for Boykin. This evidence supports the jury's implied finding that Appellant not only knew that the video was to remain private, but that he intentionally planned on punishing Boykin for rejecting him. Furthermore, in the messages Appellant sent to Boykin's mother and former brother-in-law, he used an alias, "Jordan Wade." He used his real name with the other recipients. The record also reflects that Boykin sent Appellant the video after he asked to see her sex toy, even though Appellant attempted to tell Boykin's mother that he received the video unsolicited. This implies that he knew his actions were wrong because he attempted to hide his involvement.

At trial, Appellant attempted to characterize his relationship with Boykin as one between complete strangers. His theory is that a person who would send explicit videos to "someone in

China" cannot reasonably expect privacy. However, the record indicates the two matched on a dating app and subsequently texted for weeks. The text messages began as mundane, including conversations about haircuts and work schedules, and eventually became "spicy." Boykin sent the video in response to Appellant's request to see her sex toy. The jury was free to characterize Appellant and Boykin's relationship as a budding dating relationship instead of one between strangers.

The jury was the sole judge of the weight and credibility to be given the evidence, and we must defer to their determination of same. *Brooks*, 323 S.W.3d at 899. The jury could have reasonably determined that Boykin only sent the video to Appellant under the reasonable belief that it would remain private to their dating relationship, especially given the inherently private nature of sex. *See Fairchild-Porche*, 638 S.W.3d at 783. Furthermore, the jury could have found that Appellant was very much aware that the video was meant to remain between the two of them. Viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found beyond a reasonable doubt that Appellant disclosed intimate visual material that he obtained under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 852, § 3, 2015 Tex. Sess. Law Serv. 2723, 2725 (current version codified at Penal Code § 21.16); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Accordingly, we overrule Appellant's second issue.

### ERROR IN JUDGMENT

In his third issue, Appellant urges the judgment incorrectly indicates he pleaded "guilty" and waived his right to a jury trial. The State concedes the error.

We have the authority to modify an incorrect judgment to make the record "speak the truth" when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.). Because the record reflects that Appellant pleaded "not guilty" and the matter proceeded to a jury trial, we modify the trial court's judgment to so reflect. We sustain Appellant's third issue.

## DISPOSITION

Because we sustain Appellant's third issue and overrule his first and second issues, we *modify* the trial court's judgment to reflect he pleaded "not guilty" and that the matter proceeded to a jury trial. We *affirm* the judgment *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered August 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2023**

**NO. 12-22-00306-CR**

**JORDAN BARTLETT JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-81716-22)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant pleaded "not guilty" and that the matter proceeded to a jury trial; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*